## City of Chicago, Defendant in Error, v. Eva G. Moran, Plaintiff in Error.

### Gen. No. 10,123.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

### Statement of the Case.

Eva G. Moran, the plaintiff in error, was found guilty in the Municipal Court of Chicago of a violation of section 1539 of the Chicago Code of 1911, and a fine of twenty-five dollars was assessed against her. Judgment was entered on the finding and this writ of error followed. The complaint charged that the plaintiff in error, on November 27, 1913, at the City of Chicago, "did then and there sell and give away malt, spirituous and intoxicating liquor in quantities of less than one gallon, to be drank upon the premises within the limits of the city, said premises being situate at 1511 North La Salle avenue, in violation of section 1539 of the Chicago Code of 1911." The plaintiff in error waived a jury trial and the case was tried by the court without a jury.

THOMAS J. O'HARE, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1302*—*when presumed that court judicially noticed ordinance.* Since the Municipal Court Act (J. & A. ¶ 3371) requires the trial court to take judicial notice of general ordinances of the City of Chicago, where the record fails to show that the court did not take judicial notice of an ordinance, the court on review will presume that it did.·

2. MUNICIPAL COURT OF CHICAGO, § 26*—*record for review.* It is the duty of a party seeking to have a judgment of the Municipal Court reviewed on error to prepare and submit a document containing such facts as were before the trial court, whether such facts were offered in evidence or only considered in evidence under the rule of judicial notice obtaining in the Municipal Court, and it will therefore be presumed that facts omitted from the statement were sufficient to justify the ruling below.

3. APPEAL AND ERROR, § 1275*—*when presumed that evidence showed violation of ordinance.* In a prosecution in the Municipal Court for the violation of an ordinance, as against a contention that the record fails to show a violation of the ordinance because the ordinance was not incorporated in the record, it will be presumed that the evidence was sufficient to sustain a finding of the violation of the ordinance, it being the duty of the trial court under the Municipal Court Act (J. & A. ¶ 3332) to take judicial notice of city ordinances, and the burden being upon the plaintiff in ·error to prepare a statement showing all matter passed upon below.

4. MUNICIPAL CORPORATIONS, § 863*—*how action for penalty may be commenced.* In an action by a city to recover a penalty for the violation of an ordinance, process may properly be had by summons or by a warrant or by arrest on view.

5. MUNICIPAL CORPORATIONS, § 864*—*when evidence sufficient to show date of violation of ordinance.* In an action by the City of Chicago for the sale of intoxicants in violation of Chicago Code of 1911, sec. 1539, evidence *held* sufficient to show the date upon which the offense was committed.

6. APPEAL AND ERROR, § 462*—*when failure to object to court's taking judicial notice bars review.* Where in a prosecution by the City of Chicago for the sale of intoxicants in violation of Chicago Code of 1911, sec. 1539, the court stated that it would take judicial notice that  a bottle and glasses in evidence contained less than a gallon, its action is not subject to review where defendant made no objection and failed to attempt to disprove the court's contention.

*See Illinois ·Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR, § 996*—*when record insufficient to preserve question for review.* Where in a prosecution by the City of Chicago for the sale of intoxicants in violation of Chicago Code of 1911, sec. 1539, the court below took judicial notice that a bottle and glasses in evidence held less than a gallon, and the ordinance was not incorporated in the record, the action of the court will not be reviewed, since the materiality of the inquiry as to the capacity of the bottle or glasses was not apparent.

8. INTOXICATING LIQUORS, § 105*—*when liquor illegally sold need not be introduced in evidence.* In a prosecution for violating a city ordinance regulating the sale of liquor, the liquor claimed to have been sold need not be introduced in evidence.